Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YESH MUSIC, LLC,                                              Case No.: 19-cv-4997

                Plaintiff,                **ECF CASE**

      v.                                          **COMPLAINT AND JURY DEMAND**
                                              **FOR DAMAGES FOR COPYRIGHT**
GETTYSBURG COLLEGE,                                           **INFRINGEMENT**

                Defendant.
-----------------------------------------------------------------x

        Plaintiff YESH MUSIC, LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant GETTYSBURG COLLEGE for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

        1.      This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

        2.      A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ;or (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is

subject to the court's personal jurisdiction with respect to such action."28 U.S.C. § 1391(b)(1)-(3).

3. At bar, the license which was violated was negotiated and executed in this judicial District and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. This Court has *in personam* jurisdiction over defendant because the defendant has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction, by publishing infringing audiovisual work on the Internet so it can be used or viewed within this Judicial District in the ordinary course of trade.  Upon information and belief, defendant generates significant revenue from New York state.

5. This Court Has Jurisdiction Pursuant to **CPLR § 302**(1) because defendant transacts business within the state or contracts anywhere to supply goods or services in the state.

6. Defendant contracted with the plaintiff.

7. Defendant hold numerous events in New York City. See e.g.:



8. Defendant offers "as engineering program is offered as a five-year, Dual Degree program in conjunction with Columbia University in New York City, Rensselaer Polytechnic Institute in Troy, New York."

9. Gettysburg College is an Affiliate Member of the Penn Club of New York.

10. This Court has jurisdiction pursuant to CPLR § 301.

## This Court Has Jurisdiction Pursuant to CPLR § 302(3)

11. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

12. Defendant negotiated a license with plaintiff in this Judicial District for one YouTube video.

13. Defendant synchronized, reproduced, and distributed a second YouTube video through its YouTube webpage. This is a tort (copyright infringement) committed without the state.

14. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District.

15. Defendant knew or reasonably should have known its tort would have an impact where it negotiated the original license.

16. Defendant certainly knew after it was served with notices on August 12, 2019 and August 30, 2019; which it elected to ignore.

17. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

18. Defendant entered into a license with plaintiff, and then breached that license and committed an act of infringement and violation of the DMCA.

19. Defendant extensively solicits business or purposefully avails itself of this State.

20. Defendant advertises itself as "212 miles (341 km) from New York City."

21. Defendant offers "as engineering program is offered as a five-year, Dual Degree program in conjunction with Columbia University in New York City, Rensselaer Polytechnic Institute in Troy, New York."

22. Gettysburg College is an Affiliate Member of the Penn Club of New York.

23. Darryl Jones, Senior Associate Director of Admissions Coordinator for Multicultural Admission & Intercollegiate Athletics Liaison serves as the regional representative for New York City.

24. Defendant has at least two other admission liaisons in New York.

25. Defendant's students spend spring break on Immersion Projects traveling to New York *City*.

26. Defendant's students " take three- to five-day trips to . . . New York to attend company presentations, meet with prominent alumni and work together on case studies."

27. According to UNIGO "Most students who attend Gettysburg College are from Pennsylvania, New Jersey, Maryland, Connecticut, and New York*"*

28. Students describe defendant's school body as "a lot of students from well-to-do families from places like New England, New York."

29. Jurisdiction is conferred pursuant to CPLR 302(3)(i) and (ii).

## PARTIES

30. Plaintiff YESH MUSIC, LLC is a New York limited liability company with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

31. Upon information and belief, defendant GETTYSBURG COLLEGE ("GETTYSBURG") is an educational institution with a principal place of business located at 300 N. Washington Street, Gettysburg, PA 17325.

## FACTS

32. Plaintiff is the sole beneficial owner by assignment of an original musical work titled *Flood*, U.S. Copyright Reg. No. SR 713-277 (the "Copyrighted Composition"). See **Exhibits 1** and **2.**

33. Defendant is an educational institution in Pennsylvania.

34. Defendant entered into a license with plaintiff for

> "Production: **Gettysburg College Campaign Video**
>
> Scene/Project Description: **A video** detailing the goals of "**The Campaign for our College**" which launches officially September 20,2014. **The video** highlights the advantage of a Gettysburg education, and makes a point for the Liberal Arts Education."

See **Exhibit 3.**

35. Defendant made its original video titled "Gettysburg Great: The Campaign for Our College" found at https://www.youtube.com/watch?v=x5D4OfUG-5o.

36. Defendant then, without the plaintiff's license or authority, made a second video second video titled "Supporting First Class Faculty" found at https://www.youtube.com/watch?v=LbMrqbKzsI4 (the "Second Video").

37. Plaintiff's Copyrighted Composition is synchronized to the Second Video.

38. The License expressly states "Production, Project Description, and End Client MUST align with the Project Type, Size, Term, Use, and Territory listed above."

39. The Copyrighted Composition plays throughout the Second Video.

40. The Second Video obviously does not detail the goals of "**The Campaign for our College**."

41. The Second Video does not comport with the "Production" or "Project Description"

42. This alone is a breach of the license and infringement of plaintiff's rights under Section 106 of the Act.

43. Defendant had no authority to create a second video. The License was expressly limited to a single video production.

44. This is another breach and infringement of plaintiff's rights under Section 106 of the Act.

45. The second video: (i) includes the Copyrighted Composition over the "Gettysburgreat" logo, (ii) cuts out the Copyrighted Composition 23 seconds earlier than the campaign video, and (iii) does not feature the male campaign video narrator's voiceover.

46. Plaintiff discovered the Second Video after significant due diligence on August 12, 2012, and made a demand to defendant to remove the Second Video that same day. See **Exhibit 4**.

47. On August 30, 2019, a second demand to remove the Second Video was sent to defendant by plaintiff's counsel. See **Exhibit 5**.

48. There were two additional communications from plaintiff's counsel seeking to have the Second Video disabled.

49. Defendant ignored the first notice, and outright refused to comply with every notice thereafter.

50. Defendant had no authority to synchronize plaintiff's Copyrighted Composition to the Second Video. This is a clear infringement of plaintiff's rights at set forth in Section 106 of the Act.

51. Defendant did not include any identifying information in the Second Video which would have allowed plaintiff to identify defendant's use of the Copyrighted Composition. Specifically, the Second Video omits the Copyrighted Composition's title, album name, author, label, and copyright owner. Consequently, the Amity Advertisement did not appear in dozens of searches conducted each year by plaintiff.

52. As of the date of this Complaint, the Second Video is still active and available on YouTube.

53. Defendant's actions, and inaction, fall squarely under the reckless disregard standard for enhanced damages under Section 504(c) of the Act.

54. Defendant's failure to include any copyright management information is a violation of 17 U.S.C. § 1202 – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

55. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

56. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Composition.

57. Defendant without authority from plaintiff, reproduced, synchronized, publicly displayed, and/or publicly distributed plaintiff's Copyrighted Composition through the Second Video defendant created for the sole purpose of commercial gain.

58. Defendant refused to cease and desist after multiple demands from plaintiff directly, and through counsel.

59. Defendant's use of the Copyrighted Recording was not for criticism, comment, news reporting, teaching, scholarship, or research.

60. Defendant's use was not transformative.

61. Defendant elected to reproduce, synchronize, and distribute plaintiff's Copyrighted Recording, using the entirety of the song, without a license.

62. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Composition as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201, et seq.

63. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

64. Section 1202 provides in part: (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C. § 1202(b).

65. The DMCA states: "Definition.—As used in this section, the term "copyright management information" means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. (4) With the exception of public performances of works by radio and television broadcast stations, the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work. (5) With the exception of public performances of works by radio and television broadcast stations, in the case of an audiovisual work, the name of, and other identifying information about, a writer,

9

performer, or director who is credited in the audiovisual work. (6) Terms and conditions for use of the work. (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work." 17 U.S.C. § 1202(C); S.Rep. No. 105-190 (1988), note 18.

66. Plaintiff always distributes its compositions, including the Copyrighted Composition, with copyright management information including the title, author, label, and copyright owner.

67. Defendant could not have obtained a copy of the master recording for the Copyrighted Composition without this information.

68. Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the subject use at issue here.

69. A master recording is an authenticated and unbroken version of a musical composition (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

70. Defendant's Amity Advertisement is synchronized to a very high resolution copy of the Copyrighted Composition. This high-resolution version cannot be obtained without copyright management information being included.

71. Defendant removed plaintiff's copyright management information, and copied, synchronized, publicly displayed, and/or distributed the Copyrighted Composition.

72. Defendant failed to include any information which identified the Copyrighted Composition, the author of the Copyrighted Composition, the owner of any right in the

Copyrighted Composition, or information about the terms and conditions of use of the Copyrighted Composition.

73. Defendant violated the DMCA each time it wrongfully distributed the Amity Advertisement.

74. Defendant did the forgoing with the intent to conceal the infringement.

75. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: September 2, 2019      **GARBARINI FITZGERALD P.C.**
New York, New York

By: *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)

11